■ MACLYN GUHL, Respondent, v. JACK MARTIN, Appellant.— Order, entered June 8, 1967, denying "Motion for renewal and reargument" of dismissal of counterclaims for lack of prosecution, unanimously affirmed, with $30 costs and disbursements to the respondent. Special Term was not bound as a matter of course to vacate its prior decision granting plaintiff's motion to dismiss the counterclaims for lack of prosecution. Under the circumstances and on the basis of the papers submitted to it, there was ample justification for the determination of Special Term not to allow "renewal and reargument", it appearing, as stated by Special Term, that defendant's delay in properly proceeding on the counterclaims "more than justifies [their] dismissal". Although the appeal from such determination denying renewal requires a consideration of the record as a whole, including the papers submitted on the prior motion, the conclusion reached here should rest upon whether or not there was a proper exercise of the power and discretion vested in Special Term. Where this court concludes, as it does, that there was a proper basis for the determination of Special Term not to vacate its prior decision, the dismissal of the counterclaims stands effective as of April 19, 1967. As so effective, it was not rendered pursuant to nor was it affected by the subsequently enacted provisions of CPLR 3216, effective September 1, 1967. Inasmuch as there was no appeal directly from such order of dismissal, the newly enacted provisions of CPLR 3216 should not be applied retroactively to require vacatur thereof. (See *Teto* v. *Fleet Chevrolet Corp.*, 22 A D 2d 672; *Weeks* v. *Jankowitz*, 23 A D 2d 549; but cf. *Giancone* v. *City of New York*, 29 A D 2d 756; *Mandell* v. *Continental Ins. Co.*, 29 A D 2d 742.) The legislative policy implicit in the various amendments to CPLR 3216 does not require the exercise of this court's discretion to reopen stale litigation. Certainly, we are not required, regardless of circumstances, to indiscriminately apply the statute to relieve a party from the effect of a properly supported prior adjudication of dismissal. Furthermore, any absolute requirement that we so retroactively apply the present CPLR 3216 would seem to unconsti-

tutionally deprive this court of its inherent powers with respect to decisions rendered prior to the enactment of the statute (see *Commercial Credit Corp.* v. *Lafayette Lincoln-Mercury*, 17 N Y 2d 367, 373). Concur — Botein, P. J., Stevens, Eager, Capozzoli and McGivern, JJ.